IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Jackson, #87313, | ) | C/A No.: 3:20-199-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND NOTICE |
| | ) | |
| Anthony Dennis, James C. Campbell, Pam Haynesworth, and Allen Jackson-Barnes, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

James Jackson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint[1] pursuant to 42 U.S.C. § 1983 against Sumter County Sheriff Anthony Dennis, Clerk of Court James C. Campbell ("Clerk"), Deputy Clerk of Court Pam Haynesworth ("Deputy Clerk"), and Public Defender Allen Jackson-Barnes ("Public Defender") (collectively "Defendants") in their individual capacities, alleging violations of his civil and constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such

---

[1] Plaintiff failed to sign the complaint. [ECF No. 1 at 18]. Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Thus, Plaintiff must (1) sign the complaint or (2) submit a signed amended complaint within the period permitted in this order.

complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is a pre-trial detainee at Sumter-Lee Regional Detention Center. [ECF No. 1 at 2, 4]. He alleges he was served on July 16, 2019, with a fugitive from justice warrant for outstanding charges in Louisiana and was denied bond the following day based on the warrant.[2] *Id.* at 8. He maintains Louisiana authorities failed to retrieve him prior to expiration of a 20-day period under state law and a 30-day period under federal law. *Id.* at 5, 8. He claims Sheriff refuses to remove the detainer and to release him on bail. *Id.* at 5, 8–9.

Plaintiff alleges he submitted a motion for proper relief to Clerk and Deputy Clerk on November 14, 2019. *Id.* at 9. He maintains Clerk and Deputy Clerk refused to file his motion, informing him that motions could not be scheduled for hearing unless adopted by Public Defender. *Id.* at 5. He contends he filed a second motion for proper relief on November 25, 2019, and that Clerk

---

[2] Courts "may properly take judicial notice of matters of public record." *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Review of the Sumter County Public Index indicates Plaintiff has pending charges in three cases filed in July 2019. *See* Sumter County Third Judicial Circuit Public Index, https://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (last visited Jan. 22, 2020). It appears that bond was set in two of the three cases. *See id.*

and Deputy Clerk again refused to file it without Public Defender's approval. *Id.* at 9–10.

Plaintiff alleges Public Defender received copies of his motions for proper relief from Clerk and Deputy Clerk, but failed to inform him of receipt or to adopt the motions. *Id.* at 4, 6, 9–10.

Plaintiff claims his injuries include loss of liberty, emotional distress, mental anguish, and "other grievous injuries." *Id.* at 11. He requests actual and punitive damages in the court's discretion. *Id.*

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on

4

its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Quasi-Judicial Immunity as to Clerk and Deputy Clerk

Plaintiff alleges Clerk and Deputy Clerk deprived him of his rights under Art. I, § 14 of the S.C. Constitution and the Fourteenth Amendment to the U.S. Constitution by forwarding his motions to his attorney for review instead of filing them and scheduling them for hearing. *Id.* at 5–6.

Well-settled law provides judges and court support personnel immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *see also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"). Judicial immunity protects judges and court personnel from suit, as well as assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when

5

he has acted in the 'clear absence of all jurisdiction.'") (citation omitted)). As Plaintiff alleges claims against Clerk and Deputy Clerk arising out of their judicial actions, those claims are subject to summary dismissal.

    2.    Public Defender Not A State Actor

Plaintiff alleges Public Defender is a state actor who deprived him of his rights under S.C. Constitution Art. I, § 14 and the Sixth and Fourteenth Amendments to the U.S. Constitution. [ECF No. 1 at 4, 6, 9–10].

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

> For a party to be a state actor subject to suit under § 1983:
>
> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

A criminal defense attorney does not act under color of state law when performing traditional functions as legal counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981) (finding public defender does not act under color of state law); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (finding court-appointed attorney does not act under color of state law); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (finding private attorney does not act under color of state law). As Public Defender is not a state actor amenable to suit under § 1983, Plaintiff's complaint against him is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 13, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 23, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge